WILLIAM WISHAM and JACOB S. KAY *v.* NATHANIEL LIPPINCOTT and others.

1. A joint creditor cannot be compelled in equity to proceed against the joint estate before resorting to the separate estate of an individual member of the firm, by the partner whose separate estate is resorted to. This would be inconsistent with the well-established principle that a partnership contract is several as well as joint.

2. Where, on an application to dissolve an injunction, it appeared that the defendants who had answered, denied the fraud charged in the bill, but other defendants, more deeply interested in getting the injunction dissolved, remained silent, the court would not grant the motion. The complainants were entitled to the answer of the other defendants.

3. The principle that "the separate creditors of each partner are entitled to be first paid out of the separate effects of their debtor, before the partnership creditors can claim anything," cannot apply to creditors who have secured their debts by judgment and execution liens.

4. The correctness of the principle, as a general rule, doubted.

Motion to dissolve injunction on bill and answer.

*Messrs. Dudley* and *Dayton,* for motion.

*Mr. Browning, contra.*

THE CHANCELLOR. This bill is exhibited by William Wisham, a partner of some of the defendants in the suit, and by Jacob S. Kay, a separate creditor of Wisham. The defendants are, some of them, the partners of Wisham, and the others are the creditors of the firm.

The partners own several tracts of land in the county of Burlington. John Winship recovered a judgment in the Supreme Court against the firm, and caused execution to be issued thereon, and a levy to be made on the said real estate in the county of Burlington. William Wisham is the owner of considerable real estate in the county of Camden, in his own right, which he conveyed to the other complainant, Kay, to secure a debt he owed him; and at the time of such conveyance took from Kay an agreement to re-convey the property when the debt should be satisfied.

The bill alleges that the partnership property which is levied on, is sufficient to pay Winship's judgment, and that for the purpose of raising the debts of Wisham's individual property, and to embarrass and overreach him, Winship had been induced by the other partners, to have issued, on his judgment, a *testatum fi. fa.* into the county of Camden, and a levy to be made on Wisham's real estate there. The prayer of the bill is, that the sheriff of Camden may be restrained from making sale of the real estate in the county of Camden, and the partners be decreed to account for the partnership concerns, &c.

On filing the bill an injunction was issued. The judgment creditors have not answered. The other defendants have, and relying on their answers, now move for a dissolution of the injunction.

The complainants rely upon the principle that a joint creditor may be compelled, in equity, to proceed against the joint estate, before he will be permitted to resort to the separate estate of an individual member of the firm. As a general rule, he cannot be compelled to do so by the partner whose separate estate is resorted to. This would be inconsistent with the principle, now well established, that a partnership contract is several as well as joint.

In *Wilkinson* v. *Henderson*, 1 *Mylne & Keene* 582, in a suit by a joint creditor against the representatives of a deceased partner and the surviving partner, the plaintiff was held to be entitled to satisfaction out of the assets of the deceased partner, though it was not proved that the surviving partner was insolvent. On behalf of the executors of the deceased partner, it was insisted that the equities, in respect of creditors, were, that joint debts should be satisfied out of the joint estate, and that the separate estates of the partners should not be liable to the demands of the creditors, until the insufficiency or insolvency of the joint estate was established. In answer, the principle was relied upon, " that all contracts with partners are joint and several." The master of the rolls decided that the plaintiff was entitled to a decree for the benefit of himself, and all other

joint creditors, out of the assets of the deceased partner, and that the creditors were not compelled to pursue the surviving partner, in the first instance. *See also note* 1 *Story,* § 676.

Now, it is manifest, that the remedy of a joint creditor cannot be less circumscribed against the estate of a living than of a deceased member of the firm. If a court of equity will lend its aid to a creditor of the firm, to collect his debt from the representative of a deceased partner, without compelling him, in the first instance, to pursue the surviving partners, much less will it interfere with such a creditor who has a lien for his debt upon the separate estate of a partner living, and compel him first to exhaust the partnership assets. As was remarked by counsel in the case of Wilkinson and Henderson, no prejudice can accrue to the separate partner, by holding that the creditor has a right to come upon his estate, in the first instance, for satisfaction of his demands, for, if the other partners be solvent, the partner whose estate is taken will have a remedy over, according to the subsisting equities; and if the other partners be insolvent, then the estate of the partner pursued is liable to make full satisfaction to the creditor.

Wisham, then, is not entitled to maintain this bill, upon the principle that a partner can compel a partnership creditor first to resort to the partnership estate. He must show some other ground of equity before the court will interfere. He alleges fraud—he charges that his co-partners and their creditors have fraudulently combined to defraud him. This charge the defendants who have answered, deny. But, on their answer, I ought not to dissolve the injunction. The complainants are entitled to the answers of the other defendants. Their silence gives color to the charge. They are the most deeply interested in getting this injunction dissolved; and if they are entirely free from the charges made against them, it is a reasonable expectation that they would have promptly answered the bill. There is another ground of equity. The creditor has actually seized upon two funds for the payment of his debt. The complainants say that

the manner in which he has pursued his remedy against the two funds, makes it equitable that he should exhaust the fund belonging to the joint estate first; because, upon it there are no other liens, and it is sufficient to pay the debt.

As to the rights of the complainant Kay, who is a separate creditor of Wisham. It is insisted that he is entitled to be first paid out of the effects of his debtor, before the joint creditor of the firm can claim anything. This would seem to be in conformity to the principle stated in 1 *Story*, § 675, that "the separate creditors of each partner are entitled to be first paid out of the separate effects of their debtor, before the partnership creditors can claim anything." But this principle cannot apply to creditors who have secured their debts by judgment and execution liens, and occupying the relative position of the parties in this suit. If so, it utterly annuls and destroys the principle before stated, that every partnership debt is joint and several. I doubt very much its correctness as a general rule. A Court of Chancery may, undoubtedly, where the equities between the partners are to be adjusted, and where the assets are before the court, and the court called upon to marshal them, apply such a rule. *Story*, § 676, *note* 1, says, "If the true doctrine be, that a partnership contract is several, as well as joint, then there seems no ground to make any difference whatsoever, in any case between joint and several creditors, as to payment out of joint or separate assets." He adds, "This is now the established doctrine." I have no hesitation in saying that, when a joint creditor of the firm has a judgment and execution levied upon the separate effects of one of the partners, this court ought not, in mere compliance with any such rule as that the separate creditors of each partner are entitled to be first paid out of the separate effects of their debtor before the partnership creditors can claim anything, interfere with such execution, either on the application of any one of the partners, or any creditor of the firm, or separate creditor of any of its members.

As I have remarked already, there is, in this case, something besides the application of such a rule entitling the complainants to the interference of the court.

The motion to dissolve is denied.